UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re:<br>Four Wind Trucking, Inc.<br><br><br>Debtor(s) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | BK No.: 24-04983<br><br>Chapter: 11<br>Honorable Donald R. Cassling |

**AGREED ORDER IN SETTLEMENT OF HUNTINGTON NATIONAL BANK'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR, IN THE ALTERNATIVE, PAYMENT OF ADEQUATE PROTECTION**

Upon the Motion of The Huntington National Bank for Relief from the Automatic Stay or, in the Alternative, Motion to Compel Payment of Adequate Protection ("Motion"); due and proper notice having been given; this Court being fully advised in the premises; and the Parties, The Huntington National Bank ("Huntington" or "Creditor") and Four Wind Trucking, Inc. ("Debtor"), being in agreement as to the relief set forth herein:

THE PARTIES STIPULATE AS FOLLOWS:

1. The Debtor commenced this case on April 5, 2024 (the "Petition Date"), by filing a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), with the United States Bankruptcy Court for the Northern District of Illinois.

2. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core proceeding under Bankruptcy Code § 157(b)(2)(A) and (G).

3. On January 30, 2020, TCF National Bank, who merged and became a part of The Huntington National Bank as lender, and Debtor, as borrower, entered into a Promissory Note (the "500 Note") and Security Agreement (the "500 Agreement"), pursuant to which the Debtor obtain a loan in the principal amount of $129,475.30, in exchange for granting Huntington a security interest in the following equipment: 2020 Volvo Tractor, VIN number ending in 4165 ("4165 Collateral").

4. Additionally, on March 28, 2023, Huntington, as lender, and Debtor, as borrower entered into a Promissory Note (the "501 Note" and collectively with the "500 Note" the "Notes") and Security Agreement (the "501 Agreement" and with the "500 Agreement" the "Agreements") pursuant to which Debtor obtained a loan in the principal amount of $165,660.00, in exchange for granting Huntington a security interest int the following equipment: 2023 Kenworth Construction Tractor, VIN number ending in 6241 ("6241 Collateral" and with "4165 Collateral" the "Collateral").

5. Huntington is listed as the first lienholder on the Certificates of Title for the Collateral.

6. Pursuant to the Agreements, Huntington financed Debtor's purchase of the Collateral described herein for use in the Debtor's business (together with all attachments, accessions, accessories, replacement parts, repairs and additions or substitutions thereto (the "Collateral").

7. Pursuant to the Agreements, the Debtor granted to the Bank a first-priority security interest in

the Collateral.

8. Huntington perfected its interest in the Collateral by registering its liens on the Certificates of Title.

9. Huntington maintains a first-priority perfected security interest in and to the Collateral.

10. Prior to the Petition Date, the Debtor defaulted under the terms of the Agreement and Note.

11. Debtor currently possess the Collateral.

12. Pursuant to the claim filed by Huntington, Huntington's total claims in the Collateral are $31,688.64 for the 4165 Collateral and $147,518.45 for the 6241 Collateral.

13. The value of the Collateral has declined since the petition date and will continue to decline with use and passage of time.

14. But for the operative provisions set forth below, the Huntington's interest in the Collateral is not adequately protected.

15. This Order is in the best interest of the estate owned and represented by the Debtor because the order provides the Debtor with the resolution of claims by Huntington for adequate protection and avoids the expense of defending the Motion and objection to its plan of reorganization. Accordingly, the Debtor requests that the Bankruptcy Court approve this order in accordance with its terms.

Based upon the foregoing, IT IS HEREBY ORDERED AS FOLLOWS:

A. As adequate protection for the Collateral, the Debtor shall: (i) beginning May 28, 2024, and continuing on the 28th day of each month thereafter until a Plan of Reorganization is confirmed and becomes effective, make payments to Huntington in the amount $1,897.79 for the 500 Note and $ 1,484.65 for the 501 Note per month, (ii) insure the Collateral in the manner and amounts required by the Notes and Agreements; and (iii) otherwise comply with all non-financial terms and conditions of the Notes and Agreements.

B. Adequate protection payments shall be made to Huntington, if not by wire transfer, by mail, overnight delivery service, or other method acceptable to Huntington so that each payment is received by Huntington on or before the payment due date. Payments made by mail shall be sent to the following address: Huntington National Bank, P.O. Box 77077 Minneapolis, MN, 55480-7777.

C. If Debtor fails to make payments to Creditor as set forth herein, then Creditor shall be entitled to relief from the stay according to the following procedure: Creditor shall, without further order of court, file and serve on Debtor's attorney a Notice of Default specifying the amount of the default and informing Debtor that he has 21 days within which to cure the complained of default. The Debtor shall then have 21 days to cure the default by payment in certified funds payable to the Creditor.  Debtor shall only have this right to cure twice in a calendar year.  Notice required pursuant to this paragraph is sufficient if sent via e-mail to Debtor's counsel at the following address: david.freydin@freydinlaw.com.

D. If the Debtor does not cure the default within the 21-day notice period, or if Debtor previously exercised a right to cure two times within the proceeding calendar year, then Creditor may file a Notice

of Failure to Comply with Order, upon which the automatic stay shall be deemed modified as to Creditor, its principals, agents, successors and/or assigns pursuant to §362 and Bankruptcy Rule 4001(a)(3) waived, to allow Creditor to pursue its non-bankruptcy remedies with respect to the Collateral, Notes and Agreements and applicable law and Debtor shall immediately surrender the Collateral to Huntington.

  E. In the event that the Debtor fails to confirm a plan of reorganization in the Chapter 11 case, and the case is dismissed or converted to a case under Chapter 7, then all payments shall be applied to the debt in accordance with the terms set forth in the Note and Agreement and Huntington shall be entitled to exercise any or all of its rights and remedies as against the Collateral as permitted pursuant to Paragraph D without notice to the Debtor or further order of this Court.

  F. Any plan of reorganization the Debtor seeks to confirm in this bankruptcy case shall provide the following treatment with respect to Huntington: Debtor shall repay the 500 Note in full over the life of the chapter 11 plan (not to exceed five years) at an interest rate of 6.450% per annum in monthly installments. For the current balance on the 501 Note of $147,518.45, Debtor shall pay $100,000 over the life of the chapter 11 plan (not to exceed five years) at an interest rate of 8.80% per annum in monthly installments. For the remaining $47,518.45 due on the 501 Note, Huntington will be treated as a general unsecured creditor.

  G. Huntington will apply any adequate protection payments received prior to confirmation as principal reductions to the amounts due under the Note. For the avoidance of doubt, monthly adequate protection payments and monthly plan payments shall transition upon the effective date of any plan, with no gap months allowed or double payments required, although the parties acknowledge that the difference in payment due dates may mean that the first plan payment may be become due more or less than 30 or 31 days after the last adequate protection payment became due. Also, for the avoidance of doubt, the provisions regarding notice and opportunity to cure provided in this Order shall no longer control upon confirmation of Debtor's plan of reorganization and the parties agree that the notice provisions set forth in the Notes and Agreements shall govern. Should any conflict arise between the terms of this Order and Debtor's plan of reorganization, the terms of this Order shall govern.

  H. Except as expressly modified by this Order, the terms and conditions of the Note and Agreement shall continue to govern and control the dealings among the parties. Nothing in this Order is a waiver of any right of Huntington against, or a cure of any default by, any guarantor under his/her/its obligations or guaranties of all the financing transactions described in this Order or the Motion.

Stipulated and Agreed to By:

| FOUR WIND TRUCKING, INC. | THE HUNTINGTON NATIONAL BANK |
|---|---|
| By: /s/ David Freydin | By: /s/ Matthew L. Hendricksen |
| One of Its Attorneys | One of Its Attorneys |
| Law Offices of David Freydin, LTD | Plunkett Cooney, PC |
| 8707 Skokie Blvd., #312 | 221 N LaSalle St., Suite 3500 |
| Skokie, IL 6077 | Chicago, IL 60601 |
| (312) 533-4077 | (312) 970-3495 |
| david.freydin@freydinlaw.com | mhendricksen@plunkettcooney.com |

Enter: *Donald R. Cassling*

Honorable Donald R. Cassling
United States Bankruptcy Judge

Dated: June 11, 2024

**Prepared by:**

Matthew L. Hendricksen
ARDC # 6296720
Plunkett Cooney, P.C.
221 N. LaSalle St., Suite 3500
Chicago, Illinois 60601
312-970-3495
mhendricksen@plunkettcooney.com