# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re:  Four Wind Trucking, Inc          ) | |
| ) | Chapter 11 |
| ) | Case No. 24-04983 |
| ) | |
| ) | |
| ) | Judge: Donald R. Cassling |
| Debtor(s)                              ) | |

## NOTICE OF FILING DEBTOR'S SUPPLEMENTAL BRIEF

**TO: Served Upon the following parties electronically:**

Acting U.S. Trustee Adam Brief, Office of the U. S. Trustee, Region 11, 219 South Dearborn, Room 873, Chicago, IL 60604, USTPRegion11.ES.ECF@usdoj.gov

Trustee Neema T Varghese, NV Consulting Services, 701 Potomac, Ste 100, Naperville, IL 60565

**By US Mail:**

See Attached Service List

### Certification of Service

The undersigned, an attorney, certify that I transmitted a copy of this notice and the attached Supplemental Brief to the party on the service list above via regular U.S. Mail with postage prepaid from the mailbox located at 8707 Skokie Blvd, #312, Skokie, IL 60077-2269 on December 11, 2024. Furthermore, I certify that Patrick S. Layng, Trustee Varghese were notified via ECF notification on December 10, 2024.


**/s/ David Freydin**
**Law Offices of David Freydin, LTD.**
**8707 Skokie Blvd, #312**
**Skokie, IL 60077-2269**
**(v): 312.533.4077 | (f): 866.897.7577**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **In re: Four Wind Trucking, Inc**  ) | |
| ) | **Chapter 11** |
| ) | **Case No. 24-04983** |
| ) | |
| **Debtor(s)**  ) | |
| ) | **Judge: Donald R. Cassling** |

## DEBTOR'S SUPPLEMENTAL BRIEF

Four Wind Trucking, Inc ("Debtor"), has a Confirmation Hearing on January 14, 2025 at 10:00 am. The issue before the Court is whether the Court can confirm the Second Amended Chapter 11 Small Business Plan Subchapter V at Docket #53 (Plan) in the absence of a cast ballot by Class 2, which is the General Unsecured Creditors (GUC). Debtor believes there is case law that supports the position that the plan can be confirmed as a consensual plan and that the Debtor should be allowed to file a Motion for Final Decree upon the consensual confirmation of the Debtor's Plan.

## JURISDICTION

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

On April 05, 2024 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The Debtor, a commercial trucking company, is a small business debtor as defined in 11 U.S.C. §101(51D) and continues to operate as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. Neema T. Varghese has been appointed as the Sub Chapter V Trustee ("Trustee"). The Debtor has a principal place of business in Waukegan, IL.

On October 14, 2024, the Debtor filed the Plan. On October 15, 2024, the Court set a balloting schedule for confirmation of the Plan (Exhibit A). The Debtor's Subchapter V plan has only three classes.

Class 1 is the secured claims, which are Class 1(a) – Banterra Bank, Class 1(b) – PNC Bank, N.A., Class 1(c) – Paccar Financial Corp., Class 1(d) – ITC, Class 1(e) – Anchor Acceptance Corp, Class 1(f) – Marlin Business Corporation, Class 1(g) – The Huntington National Bank, Class 1(h) – Amur Equipment Finance, and Class 1(i) – Small Business Administration.

Class 2 is the GUC, none of which voted for or against confirmation of the plan.

Class 3 is Equity Interests in the Debtor. The only treatment for this class in the plan states that, "Equity security holders shall retain their interests in the Debtor. In addition, the principal of the Debtor will be entitled to a salary for his work on behalf of the Debtor."

Only two creditors cast votes in favor of confirming the Plan at Docket #53. Attached as Exhibit B is the Balloting Report showing PNC Bank, National Association. Holder of a Class 1(b) claim and The Huntington National Bank. Holder of a Class 1(g) claim voting in favor of the plan.

No other secured creditor in Class 1 filed a vote for the plan, meaning the Debtor has two Class 1 votes in favor of confirming the plan and none opposed. The only other class is Class 2, which is the GUC. No GUC voted to confirm or not to confirm the Plan.

Derek Lofland, an attorney for Debtor, and Spencer Ezell, attorney for the United States Trustee's Office, have resolved most of the remaining confirmation issues. Mr. Ezell is willing to recommend the Plan for confirmation, but the confirmation order would need to state that confirmation was nonconsensual, meaning the case would need to remain open for the duration

of the plan, creating more expense for the Debtor due to the Subchapter V Trustee remaining in place throughout the plan's duration to make sure the Debtor is in compliance with the terms of the confirmed plan.

Debtor believes that the Plan can be considered a consensual confirmation, despite the lack of a vote cast by Class 2. This would allow the Debtor to file a Motion for Final Decree, and save Debtor the ongoing legal fees that an open case presents. The Debtor makes the following argument in support of a consensual confirmation.

## **Legal Argument**

The policy goal when Subchapter V was implemented back in 2019 was to offer reorganization opportunities to smaller businesses that could not normally afford the complexities and additional cost of a traditional Chapter 11 reorganization. That is the very reason that Congress enacted §1181, which made many of the cumbersome and expensive parts of a traditional Chapter 11 inapplicable in a Subchapter V.

§1181 of the SBRA, "Inapplicability of other sections," states in subsection (a) the sections of the Bankruptcy Code not applicable in Subchapter V cases: sections 105(d), 1101(1), 1104, 1105, 1106, 1107, 1108, 1115, 1116, 1121, 1123(a)(8), 1123(c), 1127, 1129(a)(15), 1129(b), 1129(c), 1129(e), and 1141(d)(5). Sections 1102(a)(1), (a)(2), (a)(4), 1102(b), 1103, and 1125 only apply if the court so orders. See § 1181(b). Finally, if a plan is confirmed non-consensually under section 1191(b), section 1141(d) shall not apply, except as provided in section 1192. See § 1181(c).

Debtor believes that the voting requirements in §1125 are made inapplicable by §1181 - Inapplicability of other sections. Instead, Subchapter V plans are governed by §1191(b) of the code, which states, "Notwithstanding section 510(a) of this title, if all of the applicable

requirements of section 1129(a) of this title, other than paragraphs (8), (10), and (15) of that section, are met with respect to a plan, the court, on request of the debtor, shall confirm the plan notwithstanding the requirements of such paragraphs if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan."

Debtor's plan complies with §1191(b) and should be confirmed as a consensual plan. In support of that conclusion, the Debtor wishes for the Court to consider case law from the Tenth Circuit. While the Tenth Circuit is not binding in this jurisdiction, the Tenth Circuit has a case where a bankruptcy court rule on this issue, *In re Franco's Paving LLC, 654 BR 107 - Bankr. Court, SD Texas 2023*.

The Court looked to the reasoning of an older 10th circuit case, which was decided decades before Subchapter V was passed in 2019, that case is *In re Ruti-Sweetwater, Inc., 836 F.2d 1263 (10th Cir. 1988)*.

In Ruti-Sweetwater, the Court noted the change from prior law that non-voting creditors were presumed to reject to the current law that deems such creditors bound by the decision of those creditors that vote. *Id. at 1265-66*. The Court concluded that in situations where no votes were cast in a class, it was required to determine whether "a failure to vote" is either an acceptance or a rejection. *Id. at 1266*.

With this self-imposed limitation on the available choices, the Court held that by failing to cast a ballot, the non-voting creditors had consented to the debtor's plan and that their inaction amounted to a deemed acceptance. *Id. at 1267-68*. The Court noted that the Bankruptcy Code requires that creditors take an active role in protecting their claims. *Id. at 1267*.

The Franco Court found the policy underlying Ruti-Sweetwater compelling. The Court does not, however, believe that it is limited to the binary choice between a "deemed acceptance" and a "deemed rejection." Subchapter V is intended to encourage consensual plans confirmed under § 1191(a). *In re Free Speech Sys., LLC, 649 B.R. 729, 734 (Bankr. S.D. Tex. 2023)* ("Subchapter V is a streamlined chapter 11 process and a debtor has to work from the outset to try to achieve a consensual plan."). *In re Franco at 110*

One of the Subchapter V Trustee's enumerated duties under § 1183 is to "facilitate the development of a consensual plan." *11 U.S.C. § 1183(b)(7); In re Ozcelebi, 639 B.R. 365, 381 (Bankr. S.D. Tex. 2022)* (this duty is "unique" to a subchapter V trustee). From a practical perspective, a creditor that agrees to a debtor's plan may express its consent by affirmatively voting for a plan or by simply choosing not to file an objection. The outcome should be no different, as the overarching policy of Subchapter V is satisfied. The Court finds that in making the change to § 1126 when enacting the Bankruptcy Code, Congress presumed the existence of at least one vote in each class. In a situation where no votes are cast, the Court holds that the class should not be counted for purposes of § 1129(a)(8).[3] *Id*

Debtor's position is that the entire purpose of the addition of Subchapter V to the bankruptcy code was to streamline the reorganization process for small businesses to be able to reorganize under the bankruptcy code. In many cases, these small businesses do not have a large number of creditors. If creditors can frustrate the bankruptcy process by simply not participating in the bankruptcy to the financial harm of the Debtor, it completely flies in the face of what the Subchapter V provisions are attempting to accomplish.

There is precedent for nonacceptance by a creditor being deemed acceptance pursuant to bankruptcy code. While these are not Subchapter V cases, they show that bankruptcy judges

have been willing to enforce plans on creditors that sit on their rights when they have been given notice of the bankruptcy. *United Student Aid Funds, Inc. v. Espinosa, 559 US 260 - Supreme Court 2010* is a case that demonstrates that legal principle. "Rule 60(b)(4) strikes a balance between the need for finality of judgments and the importance of ensuring that litigants have a full and fair opportunity to litigate a dispute. Where, as here, a party is notified of a plan's contents and fails to object to confirmation of the plan before the time for appeal expires, that party has been afforded a full and fair opportunity to litigate, and the party's failure to avail itself of that opportunity will not justify Rule 60(b)(4) relief." *ID at 1380*

Judge Schmetterer also believed that, "Secured creditors can easily protect themselves from this consequence by playing heads-up baseball as most do. The usual practice is for them to object to a proposed Chapter 13 plan for asserted inaccuracy of the proposed arrearage amount, and that objection is resolved prior to plan confirmation. Not having done that, the Bank in this case must accept the consequence." *In re McDonald, 336 BR 380 - Bankr. Court, ND Illinois 2006 at 387.*

Debtor understands that these cases are not binding in a Subchapter V case, because they are cases that speak to Chapter 13 plans, which has different confirmation requirements than Subchapter V. Debtor means to highlight these cases to show the Court that there is precedent for a Bankruptcy Court ruling that a creditor that sleeps on its rights does so at its own peril and that inaction can be deemed as acceptance under the bankruptcy code.

Debtor believes that when Congress enacted Subchapter V by eliminating many of the provisions of Chapter 11 through §1181 and replacing the confirmation requirements of §1125 and replacing them with the requirements in §1191(b), that it opened the door for a plan to be confirmed as consensual, even if entire classes abstain from the voting process. Debtor requests

that the Court take these policy considerations into account and confirm the Plan as a consensual plan.

### Precedent for Confirming a Plan with No Votes as a Consensual Plan in the Northern District of Illinois

While there is no published opinion in the 7th Circuit that creates a precedent of confirming a Subchapter V plan as a consensual plan where a class did not vote, there is precedent for a judge in the 7th Circuit confirming such a case in the Northern District of Illinois. Debtor's attorney also represented a different debtor in *NWR Construction & Exteriors, Inc., 23-13173*. The case was filed on October 02, 2023, and assigned to Judge Timothy A. Barnes. Attached as Exhibit C is a printout of the docket and Attached as Exhibit D is the Claims Register from that case.

Debtor filed a timely plan in that case on January 02, 2024, and on January 24, 2024, the Court entered a Confirmation Order. Ballots were due by February 21, 2024 and when the balloting deadline had passed, no secured or unsecured creditors had cast a ballot in the case. At the confirmation hearing, attorney Derek Lofland reported to Judge Barnes that no votes had been cast in the case. Confirmation was continued for a month for the Debtor's attorney to speak with creditors and see if they could persuade one of them to vote for the plan, but there was no indication by any of the creditors in the case that having a new round of balloting would lead to a different result.

On March 14, 2024, David Freydin filed a motion to confirm the plan, relying heavily on *In re Franco's Paving LLC* as a basis for confirming the plan as a consensual plan. At the confirmation hearing, it was noted that because nobody had opposed the motion, Judge Barnes was not going to make this a published opinion. That being said, Judge Barnes also noted that he

was not going to enter an order that had no legal basis and that it was his opinion that a Debtor could confirm a plan under Subchapter V as a consensual plan where no creditors had cast a vote. He then confirmed the plan as shown in attached Exhibit E. The case has since been closed on Debtor's Motion for a Final Decree, attached as Exhibit F is a copy of that order.

Finally, one difference from that case and the case before this Court is there were secured creditors in that case and the plan was confirmed as a consensual plan, even though no secured creditor had voted for confirmation of the plan. In this case, two secured creditors did vote in favor of the plan, the only class that did not participate is Class 2, which is the General Unsecured Creditors. Debtor requests that this Court apply the same reasoning in this case as Judge Barnes did in the NWR Construction & Exteriors, Inc. case and confirm the Debtor's plan as a consensual plan, despite no votes for or against the Plan by Class 2.

## Conclusion

The entire purpose of Subchapter V is to offer reorganization opportunities to smaller businesses that could not normally afford the complexities and additional cost of a traditional Chapter 11 reorganization. If the Court is going to hold Subchapter V Debtors to the same voting requirements of a traditional Chapter 11, both secured and unsecured creditors can frustrate a debtor's ability to reorganize by making the Subchapter V process more expensive and more burdensome, simply by sleeping on their rights. This flies in the face of the intended purpose of Subchapter V.

Still, no matter how nonsensical a policy is, a bankruptcy court must have a way to be able to follow the bankruptcy code to achieve a result that is both equitable to all of the parties and permitted under the Bankruptcy Code. The Debtor believes the 10th Circuit has done that by concluding that the voting requirements in §1125 are made inapplicable by §1181 and that a

Debtor can have a consensual confirmation of their Subchapter V pursuant to §1191(b), even when a class of creditors fails to vote on the plan.

Finally, while Judge Barnes did not issue a published opinion in *NWR Construction & Exteriors, Inc., 23-13173*, he did take a look at the facts in that case and considered the case law that Debtor presented in support of confirming a consensual plan. While his ruling does not carry the same weight as a published opinion, it does show that it is something that at least one bankruptcy judge in our jurisdiction is inclined to do to advance the objectives of the Subchapter V code, while also making sure that integrity of the bankruptcy process is maintained.

**WHEREFORE**, Four Wind Trucking, Inc respectfully asks that this Court enter an order confirming the October 14, 2024 Second Amended Chapter 11 Small Business Plan Subchapter V at Docket #53 as a consensual plan, allowing the Debtor to file a Motion for a Final Decree, and for any other relief this Court finds equitable and just.

December 10, 2024                                                  Four Wind Trucking, Inc
                                                                   By:   David Freydin
                                                                   One of its Counsel

David Freydin
Law Offices of David Freydin, 8707 Skokie Blvd, Suite 312
Skokie, IL 60077
847-972-6157 phone
866-897-7577 fax
david.freydin@freydinlaw.com
*Bankruptcy Counsel for the Debtor*