UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| FOUR WIND TRUCKING, INC., | ) | CASE NO. 24-04983 |
| | ) | |
| DEBTOR. | ) | HON. DONALD R. CASSLING |

**U.S. TRUSTEE RESPONSE REGARDING CONFIRMATION OF
DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION**

NOW COMES ADAM G. BRIEF, the Acting United States Trustee for the Northern District of Illinois (the "**U.S. Trustee**"), by and through his attorney, Spencer C. Ezell, hereby files this response regarding confirmation of the Debtor's plan (the "**Response**"). The U.S. Trustee states to the Court as follows:

**PRELIMINARY STATEMENT**

1. On November 26, 2024, the parties were before the Court for a confirmation hearing. The Debtor seeks confirmation of its second amended Subchapter V Plan of Reorganization (the "**Plan**") consensually under Section 1191(a). However, the Plan had one accepting class and one class that cast no votes. For the reasons set forth herein, the Plan is confirmable, though only as a non-consensual plan pursuant to Section 1191(b) of the Bankruptcy Code, as opposed to a consensual plan via Section 1191(a).

**BACKGROUND**

2. On April 5, 2024 (the "**Petition Date**"), the Debtor filed its voluntary petition for relief under Subchapter V of chapter 11 of the Bankruptcy Code. *Dkt. 1*.

3. Since the Petition Date, the Debtor has been represented by the Law Offices of David Freydin. *Dkt. 1, p. 5 of 43*; *see also dkt. 19*.

1

4. Since the Petition Date, the Debtor has remained in possession and control of its assets and continues to manage its affairs pursuant to Section 1184 as debtor-in-possession.

5. On April 5, 2024, Neema T. Varghese was appointed as the Subchapter V Trustee. *Dkt. 3*.

6. On October 14, 2024, the Debtor filed the Plan. *Dkt. 53*.

7. According to the Plan, there are three distinct classes. Class 1 consists of all secured creditors. Class 2 consists of general unsecured creditors. Class 3 consists of equity interests.

8. Classes 1 and 2 are impaired classes. *See id.*

9. On November 22, 2024, the Debtor filed the ballot report, which indicated that Class 1 had voted to accept the Plan and Class 2 did not cast any votes with respect to confirmation of the Plan. *Dkt. 65*.

10. On November 26, 2024, the Court held a confirmation hearing on the Plan. At the confirmation hearing, the Debtor stated its position that the Plan can and should be confirmed as a consensual plan under Section 1191(a) of the Code. The U.S. Trustee stated its position that the Plan could be confirmed but would have to be done so non-consensually under Section 1191(b) because not every impaired class voted to accept the Plan.

11. The Court then set a briefing schedule on the issue of whether the Plan could be confirmed consensually or non-consensually, and continued the confirmation hearing to January 14, 2025. *See dkts. 68, 70*.

12. On December 10, 2024, the Debtor timely filed its supplemental brief (the "**Brief**"). The Brief sets forth several misguided arguments in support of the Debtor's position that this Plan can be confirmed consensually.

13. First, the Brief discusses the language of the Code and, in so doing, evidences the Debtor's apparent confusion with the difference between Section 1191(a), a so-called "consensual" confirmation, and Section 1191(b), a so-called "non-consensual" confirmation. *See dkt. 72, p. 5 of 10* ("Debtor's plan complies with *§1191(b)* and should be confirmed as a *consensual plan*.") (emphasis added).

14. Second, the Brief then relies on the Tenth Circuit's *Ruti-Sweetwater* decision and cases from the Bankruptcy Court for the Southern District of Texas. These decisions represent the minority side of a circuit split and, as Debtor notes, is not binding on this Court whatsoever.

15. Finally, the Brief points to one case in this district where a bankruptcy court allegedly confirmed a Subchapter V plan consensually despite the plan receiving no votes. This unpublished order is again non-binding on the Court and is readily distinguishable for the reasons set forth below.

## LEGAL ARGUMENT

A. <u>The Debtor does not Satisfy the Clear Requirements of Section 1191(a)</u>

16. Section 1191(a) of the Bankruptcy Code provides: "[t]he court shall confirm a plan under this subchapter only if all of the requirements of section 1129(a), other than paragraph (15) of that section, of this title are met." 11 U.S.C. § 1191(a). Confirmation under Section 1191(a) is referred to as "consensual." *In re M.V.J. Auto World, Inc.*, 2024 WL 3153327, *1 (Bankr. S.D. Fla. June 24, 2024).

17. Section 1191(b) of the Bankruptcy Code provides, in relevant part:

[I]f all of the applicable requirements of section 1129(a) of this title, other than paragraphs (8), (10), and (15) of that section, are met with respect to a plan, the court, on request of the debtor, shall confirm the plan notwithstanding the requirements of such paragraphs if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

3

11 U.S.C. § 1191(b). Confirmation under Section 1191(b) is referred to as "non-consensual." *In re M.V.J. Auto World, Inc.*, 2024 WL 3153327, *1 (Bankr. S.D. Fla. June 24, 2024).

18. Section 1129(a)(8) provides: "[w]ith respect to each class of claims or interests— (A) such class has accepted the plan; or (B) such class is not impaired under the plan." 11 U.S.C. § 1129(a)(8).

19. Section 1129(a)(10) provides: "[i]f a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptances of the plan by any insider." 11 U.S.C. § 1129(a)(10).

20. For consensual confirmation in a Subchapter V case, the acceptances required by Sections 1129(a)(8) and (a)(10) are governed by the plain language of Section 1126 of the Code and Fed. R. Bankr. P. 3018(c).

21. Section 1126(a) provides that "[t]he holder of a claim . . . may accept or reject a plan." 11 U.S.C. § 1126(a). Federal Rule of Bankruptcy Procedure 3018(c) states that such "acceptance or rejection of a plan must be in writing." Fed. R. Bankr. P. 3018(c)(1)(A).

22. The only exception to the general rule that acceptances or rejections must be in writing is set forth in Section 1126(f), which provides that unimpaired classes "are conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class from the holders of claims or interests of such class is not required." 11 U.S.C. § 1126(f).

23. Consequently, a class of claims is either unimpaired—and presumptively deemed to accept the plan—or it may vote in writing to accept or reject the plan. *See* 11 U.S.C. §§ 1126(a), (f), 1129(a)(8).

4

24. To confirm a plan consensually under Section 1191(a), a Subchapter V plan must satisfy all requirements of Section 1129(a) of the Bankruptcy Code except for Section 1129(a)(15).[1]

25. The Plan cannot be confirmed consensually under Section 1191(a) because it fails to satisfy the requirements of Section 1129(a)(8). Class 2, an unimpaired class consisting of general unsecured creditors, has not accepted the plan, as no votes were cast. *See generally, In re M.V.J. Auto World, Inc.*, 2024 WL 3153327, *1 (Bankr. S.D. Fla. June 24, 2024) ("Because each class of impaired claims did not accept the Debtor's Plan, section 1129(a)(8) was not met.") (confirming Subchapter V plan with one accepting impaired class and one non-voting impaired class non-consensually under Section 1191(b) and denying Debtor's request for consensual confirmation under Section 1191(a)); *In re Creason*, 2023 Bankr. LEXIS 478 (Bankr. W.D. Mich. Feb. 23, 2023) (confirming Subchapter V plan with a non-voting impaired class non-consensually under Section 1191(b) and denying Debtor's request for consensual confirmation under Section 1191(a)).

B. *The Court Should not Adopt the Minority Position of Ruti-Sweetwater and its Progeny*

26. The Debtor cites to *Ruti-Sweetwater*, 836 F.2d 1263 (10th Cir. 1988), and *Franco's Paving LLC*, 654 B.R. 107 (Bankr. S.D. Tex. 2023), as support for its position that the Plan can be confirmed consensually.

27. In light of the foregoing, the Court should refrain from adopting the minority position allowing for a plan to be "deemed accepted" by an impaired class. *See In re Ruti-Sweetwater*, 836 F.2d 1263, 1266 (10th Cir. 1988). In *Ruti-Sweetwater*, the Tenth Circuit affirmed the bankruptcy court's holding that a debtor's plan could be confirmed even though an impaired

---

[1] Section 1129(a)(15) concerns individual debtors and is consequently not relevant to this corporate Debtor.

class did not vote on the plan because the non-voting class was deemed to have accepted the plan by its absence of a vote. *See id.*

28. Bankruptcy courts within the Tenth Circuit have followed *Ruti-Sweetwater*, though reluctantly. *See, e.g.*, *In re Robinson*, 632 B.R. 208 (Bankr. D. Kan. 2021). The *Robinson* court provided a detailed analysis of the issue, acknowledging that the cases rejecting deemed acceptance before grudgingly finding that it was required to follow "*Ruti-Sweetwater*'s binding precedent that a nonobjecting and nonvoting creditor is deemed to have accepted a chapter 11 plan under § 1129(a)(8)." *See id.* at 220. In so doing, the *Robinson* court confirmed a Subchapter V plan consensually under Section 1191(a) where no creditors voted. *See id.*, at 213, 220.

29. However, the Tenth Circuit's position has been widely criticized outside that Circuit and its ruling conflicts with the express language of Bankruptcy Rule 3018(c). *See* 7 Collier on Bankruptcy ¶ 1129.02 (16th ed. 2022) ("An unfortunate decision was rendered by the Court of Appeals for the Tenth Circuit which can have the effect, if followed, of setting the law on its ear.") (citing list of decisions rejecting *Ruti-Sweetwater*); *see, e.g.*, *In re Creason*, 2023 WL 2190623 at *2 (Bankr. W.D. Mich. 2023) (finding it is "impossible to reconcile the notion of 'deemed acceptance' with the formal requirements of Rule 3018(c) governing the 'form of acceptance or rejection'"); *but see In re Desert Lake Group, LLC*, 2020 Bankr. LEXIS 2680 (Bankr. D. Utah Sept. 30, 2020).

30. Moreover, *Ruti-Sweetwater* preceded enactment of the Small Business Restructuring Act by 32 years and thus has limited relevance to Subchapter V cases. *Ruti-Sweetwater* is further distinguishable to this case because the issue there was whether the cramdown provisions would apply where a single non-voting secured creditor who was the sole member of that class later objected to the plan. *Ruti-Sweetwater*, 836 F.2d at 1267.

31. There is another minority position holding that when an impaired class fails to cast any votes, the court must disregard that class altogether when analyzing whether Section 1129(a)(8) is met. *See In re Franco's Paving LLC*, 654 B.R. 107, 110 (Bankr. S.D. Tex. 2023) ("In a situation where no votes are cast, the Court holds that the class should not be counted for purposes of § 1129(a)(8)."); *In re Hot'z Power Wash, Inc.*, 655 B.R. 107, 118 (Bankr. S.D. Tex. 2023) ("[T]his Court is left with only one option: when an impaired class of creditors fails to cast a ballot, that class will not be counted for purposes of whether § 1129(a)(8) is satisfied."). The Court should also refrain from adopting this position.

32. The *Franco's Paving* and *Hot'z Power Wash* decisions are not persuasive. Both *Franco's Paving* and *Hot'z Power Wash* reasoned that Congress did not contemplate a class of claims would not vote when it enacted Section 1126. However, this is not true. Section 1126(a) provides that the holder of a claim *may* accept or reject a plan, rather than a directive that a claimholder *shall* or *must* do so. *See* 11 U.S.C. § 1126(a). Similarly, Section 1126(c) recognizes that some creditors may ultimately not vote. *See* 11 U.S.C. § 1126(c) (requiring that, among those "that have accepted or rejected," at least two-thirds in amount and more than one-half in number of claims vote to accept in each class).

33. Also, *Franco's Paving* partially based its ruling on *Ruti-Sweetwater*. *Franco's Paving*, 654 B.R. at 110 ("The Court finds the policy underlying *Ruti-Sweetwater* compelling."). For the reasons discussed *supra*, the court's reliance on *Ruti-Sweetwater* to reach its determination is not well-founded.

34. Therefore, this Court should decline to adopt these minority positions and hold that this Plan cannot be confirmed as a consensual plan of reorganization.

### C. *The Debtor Misstates the Court's Order in* NWR Construction & Exteriors, Inc.

35. Finally, the Debtor states that the Court can and should confirm this plan consensually because another bankruptcy judge within the Northern District of Illinois did so.

36. The Debtor alleges that in *NWR Construction & Exteriors, Inc.*, case no. 23-13173 in the Bankruptcy Court for the Northern District of Illinois ("*NWR*"), Judge Barnes confirmed that Debtor's Subchapter V plan consensually despite receiving no votes whatsoever. *Dkt. 72, p. 8 of 10*.

37. The Debtor attached several documents from *NWR* as exhibits to the Brief, including the confirmation order. *See dkt. 72-6*. The confirmation order conflicts with the Debtor's recitation of facts. The confirmation order expressly includes findings that state, in pertinent part, "The Court finding pursuant to 11 U.S. Code § 1191 – Confirmation of plan, that that [sic] the Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired under and has not accepted the plan." *See id*.

38. Section 1191(b) explicitly requires a plan to "not discriminate unfairly, and [be] fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan." 11 U.S.C. § 1191(b). There is no such requirement to confirm a plan under Section 1191(a). *Compare* 11 U.S.C. §§ 1191(a) *and* 1191(b).

39. Moreover, the confirmation order does not state anywhere whether the plan is being confirmed "consensually" or "non-consensually". The confirmation order further contains no indication or citation to which particular subsection of Section 1191 the plan was being confirmed under—whether (a) or (b).

40. Finally, the transcript from the confirmation hearing in *NWR* shows that the *NWR* plan was confirmed non-consensually. A copy of the transcript from the *NWR* confirmation

8

hearing is attached hereto as **Exhibit A**. At the confirmation hearing, Judge Barnes states, in pertinent part, "[S]o if it's fair and equitable and meets the other standards on Subchapter V, then you can proceed through the nonconsensual confirmation of the plan in Subchapter V. And so not having any votes is not an impediment to confirming your Subchapter V case." *Exhibit A, at 4:19–25*.

41. Again, the transcript is further evidence of the U.S. Trustee's position that a Subchapter V can, assuming it satisfies all other requirements not relevant here, be confirmed non-consensually where an impaired class does not cast a vote.

42. For the foregoing reasons, if this Court elects to give *NWR* any weight here, which it need not, it would only provide further support for the U.S. Trustee's position.

## CONCLUSION

43. The Debtor's plan cannot be confirmed consensually under Section 1191(a). For a Subchapter V plan to be confirmed consensually, among other things, all impaired classes must vote to accept it. To accept a plan, creditors must cast a vote in writing. Here, Class 2 did not cast any votes and therefore did not accept the Plan. As a consequence, the Plan did not satisfy Section 1129(a)(8) and cannot be confirmed consensually under Section 1191(a).

44. However, the U.S. Trustee has no objection to confirmation of the Debtor's plan pursuant to Section 1191(b) as a non-consensual plan. Section 1191(b) permits confirmation of a Subchapter V plan where Sections 1129(a)(8), (10), and (15) have not been satisfied. Here, the Plan has not satisfied Section 1129(a)(8) because not every class of unimpaired creditors has voted to accept the Plan.

**WHEREFORE**, the U.S. Trustee respectfully asks this Court to sustain his objection to the Debtor's request to confirm the Plan as a consensual plan under Section 1191(a), and instead allow confirmation of the Plan as a non-consensual plan under Section 1191(b), and for such other relief as this Court deems just.

                                        RESPECTFULLY SUBMITTED:

                                        ADAM G. BRIEF
                                        ACTING UNITED STATES TRUSTEE

DATED: December 19, 2024         /s/ *Spencer C. Ezell*
                                        Spencer C. Ezell, Trial Attorney
                                        OFFICE OF THE U.S. TRUSTEE
                                        219 S. Dearborn, Room 873
                                        Chicago, Illinois  60604
                                        (202) 702-6338

## CERTIFICATE OF SERVICE

I, Spencer C. Ezell,

☒ an attorney, certify - or –

[  ] a non-attorney, declare under penalty of perjury under the laws of the United States of America

that on December 19, 2024, I caused to be served copies of this Notice, the attached **United States Trustee's Response Regarding Confirmation of Debtor's Second Amended Plan of Reorganization** on the ECF Registrants shown below *via* the Court's Electronic Notice for Registrants and for all other entities listed on the service list, *via* First Class US Mail by BMC Group. A supplement to this Certificate of Service from BMC Group will be filed.

*/s/ Spencer C. Ezell*

## SERVICE LIST

**Registrants Served Through the Court's Electronic Notice for Registrants:**

- Amy A Aronson    amyaronson@comcast.net, amyaronson@comcast.net
- Adam Brief    Ustpregion11.es.ecf@usdoj.gov
- Martin Crowley    mcrowley@chuhak.com
- Michael W Debre    mdebre@chuhak.com, vjefferson@chuhak.com
- David Freydin    david.freydin@freydinlaw.com, vincent@freydinlaw.com
- Matthew L. Hendricksen    mhendricksen@plunkettcooney.com, lsavitch@plunkettcooney.com
- Neema T Varghese    nvarghese@nvconsultingservices.com
- Charles R Woolley    rwoolley@darcydevassy.com, mwackenhut@darcydevassy.com

**Parties Served via First Class Mail:**

Four Wind Trucking, Inc.
3030 Apple Drive
Waukegan, IL  60085